IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DINESH B. TRINIDADE,**

    Plaintiff,

v.                                                         **Civil Action No. 3:12-CV-11**
                                                                 **(BAILEY)**

**THE HONORABLE CHRISTOPHER WILKES,
JUDGE OF THE CIRCUIT COURT OF BERKELEY
COUNTY, WEST VIRGINIA, GENWORTH MORTGAGE
INSURANCE CORPORATIO, HSBC MORTGAGE
CORPORATION (USA), CONNIE KESNER,
KRYSTAL COOK, and TRESSIA BLEVINS,**

    Defendants.

### *ROSEBORO* NOTICE

On February 23, 2012, defendant Genworth Mortgage Insurance Corporation filed a Motion to Remand [Doc. 4]. The Court notes that the plaintiff is proceeding *pro se.* This Court has a mandatory duty to advise the plaintiff of his right to file responsive material, and to alert him to the fact that his failure to so respond might result in the entry of an adverse ruling against him. ***Davis v. Zahradrich***, 600 F.2d 458, 460 (4th Cir. 1979); ***Roseboro v. Garrison***, 528 F2d 309, 310 (4th Cir. 1975). The plaintiff is so advised.

When an action is removed from state court, a federal district court is required to first determine whether it has original jurisdiction over the plaintiff's claims. In this case, that

issue depends on whether there is complete diversity of citizenship between the parties.[1]

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" **Maryland Stadium Authority v. Ellerbe Becket Incorporated**, 407 F.3d 255, 260 (4th Cir. 2005), citing **Mulcahey v. Columbia Organic Chems. Co.**, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required. **Maryland Stadium**, 407 F.3d at 260. On the other hand, if this Court has jurisdiction, it is required to exercise it. **Gum v. General Electric Co.**, 5 F.Supp.2d 412, 415 (S.D.W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

A finding of fraudulent joinder, however, "permits a district court to disregard, for jurisdictional purposes, the citizenship of nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." **Mayes v. Rapoport**, 198 F.3d 457, 461 (4th Cir. 1999). In ruling on a motion to remand, a district court may disregard the citizenship of defendants who were fraudulently joined. **Herbalife Intern., Inc. v. St. Paul Fire & Marine Ins. Co.**, 2006 WL 839515, at *3 (N.D. W.Va. Mar. 30, 2006). "To show fraudulent joinder, the removing party must demonstrate . . . that there is no possibility that plaintiff would be able to establish a cause of action against the instate

---

[1]The Court notes that the amount in controversy exceeds $75,000 and that this dispute does not implicate federal question jurisdiction.

defendant in state court." **Hartley v. CSX Transp., Inc.**, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotations omitted).

Therefore, within twenty-one (21) days of the date of entry of this Order, the *pro se* plaintiff shall file any opposition to the defendant's motion explaining why this matter should not be remanded.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** March 6, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE